United States District Court
Southern District of Texas

**ENTERED**

August 13, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE L. ZAMORA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3966 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose L. Zamora ("Plaintiff") sued defendant Wells Fargo Bank, N.A. ("Defendant") in the 215th District Court of Harris County, Texas.[1] Defendant timely removed the action to this court.[2] Pending before the court is Defendant's Motion to Dismiss and Brief in Support ("Motion to Dismiss") [Docket Entry No. 13]. For the reasons stated below, the Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

### I.    Factual Allegations and Procedural Background

Plaintiff's Original Petition alleges that he purchased real property located at 9795 Pine Lake Drive, Houston, Texas 77055-6131 ("the Property") on May 5, 2003.  The purchase was financed through

---

[1]See Plaintiff's Original Petition and Request for Temporary Restraining Order ("Original Petition"), Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 2.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]See Notice of Removal, Docket Entry No. 1.

a loan from World Savings Bank FSB, and the parties executed a Deed of Trust.[3]  Ownership of the loan and mortgage was transferred to Defendant.   In 2011 Plaintiff agreed to a modification of the mortgage to avoid foreclosure.[4]  In 2017 Hurricane Harvey damaged the property, and  Plaintiff spent $18,000 on repairs.  Plaintiff received an insurance check and sent it to Defendant on Defendant's instructions.   Plaintiff alleges that some amount from the check should have been applied towards the mortgage but was not.[5] Defendant has attempted to foreclose on the property.[6]

On September 30, 2019, Plaintiff brought an action in state district court seeking a temporary restraining order to halt foreclosure proceedings and alleging claims of breach of contract; negligence per se; unreasonable debt collection efforts under the Texas Debt Collection Act ("TDCA"), Texas common law, and the Texas Deceptive Trade Practices Act ("DTPA"); and unjust enrichment.[7] The state court issued a Temporary Restraining Order on

_____

[3]Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 3 ¶¶ 6-7; see Deed of Trust, Exhibit E to Notice of Removal, Docket Entry No. 1-5, pp. 27-46.

[4]Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 4 ¶ 9; Plaintiff's Affidavit in Support of Application for a Temporary Restraining Order, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 25.

[5]Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 4 ¶¶ 10-11.

[6]See id. at 14 ¶ 44.

[7]Id. at 2, 4-13, 14.

September 30, 2019, that prohibited foreclosure of the Property.[8]
On October 11, 2019, Defendant removed the action to this court
alleging diversity jurisdiction under 28 U.S.C. § 1441.[9]    On
May 19, 2020, Defendant moved to dismiss Plaintiff's claims for
failure to state a claim upon which relief can be granted under
Federal Rule of Civil Procedure 12(b)(6).[10]  Plaintiff has not filed
a response to Defendant's Motion to Dismiss.    Each claim in
Plaintiff's Original Petition will be analyzed under the standard
of review set forth below.

## II.   __Standard of Review__

Under the Federal Rules of Civil Procedure a pleading must
contain "a short and plain statement of the claim showing that the
pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).    A
plaintiff's pleading must provide the grounds of his entitlement to
relief and "a formulaic recitation of the elements of a cause of
action will not do. . . ."  __Bell Atlantic Corp. v. Twombly__, 127
S. Ct. 1955, 1965 (2007).   "'[N]aked assertion[s]' devoid of
'further factual enhancement'" or "[t]hreadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice."  __See Ashcroft v. Iqbal__, 129 S. Ct.

---

[8]Temporary Restraining Order, Exhibit G to Notice of Removal,
Docket Entry No. 1-7, p. 2.

[9]Defendant's Notice of Removal, Docket Entry No. 1, pp. 1, 3.

[10]Motion to Dismiss, Docket Entry No. 13, p. 7.

1937, 1949 (2009).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Association, 987 F.2d 278, 284 (5th Cir. 1993).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002).  To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1960.  The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted).

In ruling on a Rule 12(b)(6) motion the court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007).  Review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the

-4-

claims and referred to by the complaint. <u>Lone Star Fund V (U.S.),</u> <u>L.P. v. Barclays Bank PLC,</u> 594 F.3d 383, 387 (5th Cir. 2010).

## III. <u>Analysis</u>

### A. **Breach of Contract**

Plaintiff alleges that Defendant breached the parties' contract.[11] Defendant argues that this claim must be dismissed because Plaintiff has not specifically alleged any damages arising from the alleged breach.[12]

Under Texas law the elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. <u>Sport Supply Group, Inc. v. Columbia Casualty Co.,</u> 335 F.3d 453, 465 (5th Cir. 2003). Plaintiff must plead facts showing that Defendant failed to act in accordance with the agreement in order to state a claim for breach of contract. <u>Henry v. Masson,</u> 333 S.W.3d 825, 835 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Plaintiff must identify the specific provision of the contract that the Defendant allegedly breached. <u>Baker v. Great Northern Energy,</u> <u>Inc.,</u> 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014).

The Original Petition states that the Deed of Trust contained provisions that Defendant would "accept payments from" Plaintiff,

---

[11]Original Petition, Exhibit E to Motion to Dismiss, Docket Entry No. 1-5, pp. 5-6.

[12]Motion to Dismiss, Docket Entry No. 13, p. 9.

afford Plaintiff a "reasonable right to cure," and send notice prior to accelerating the mortgage in accordance with Texas laws.[13] But the Original Petition alleges no specific conduct by Defendant that breached these requirements - it alleges only generally that Defendant did not satisfy them.[14]   Naked, conclusory assertions do not suffice to state a valid claim for which relief may be granted. Iqbal, 129 S. Ct. at 1949.   While the pleading standard under Twombly and Iqbal do not require detailed factual allegations, Plaintiff's Original Petition does not set out a plausible basis for Defendant's alleged breach of the agreement.

Moreover, the Original Petition does not specify any damages arising from the alleged breach of contract.   Plaintiff must allege specific damages other than a foreclosure sale that has not yet occurred to state a claim for breach of a mortgage contract on the basis of a failure to provide notice of default and opportunity to cure.   Cruz v. JPMorgan Chase Bank, N.A., Civil Action No. 7:18-CV-1, 2018 WL 689610, at *3 (S.D. Tex. Feb. 1, 2018); Maldonado v. Bank of America, Civil Action No. SA-12-CA-442-FB, 2013 WL 12108679, at *3 (W.D. Tex. June 14, 2013).   Because Plaintiff does not identify what conduct by Defendant breached the contract or allege any damages resulting from the breach, he has not stated a claim for breach of contract.

---

[13]Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 5 ¶ 13.

[14]See id. at 6 ¶ 15.

-6-

**B.   Negligence Per Se**

Plaintiff asserts a claim in negligence per se for Defendant's alleged violation of section 51.002 of the Texas Property Code.[15] Defendant argues that Plaintiff's negligence per se claim is barred by the economic loss rule.[16]

Negligence per se applies when a court has determined that the violation of a particular statute is negligence as a matter of law.  See Parrott v. Garcia, 436 S.W.2d 897, 900 (Tex. 1969).  "The unexcused violation of a statute or ordinance constitutes negligence as a matter of law if such statute or ordinance was designed to prevent injury to the class of persons to which the injured party belongs."  Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 549 (Tex. 1985).

The economic loss rule, however, precludes recovery of economic losses due to negligence when the loss complained of is the subject matter of a contract between the parties.  Southwestern Bell Telephone Co. v. DeLanney, 809 S.W.2d 493, 494-95 (Tex. 1991). This rule applies to negligence per se, which is a particular type of negligence where the relevant standard of care is set by statute.  See Coastal Conduit & Ditching, Inc. v. Noram Energy Corp., 29 S.W.3d 282, 285, 290 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (concluding that all of a plaintiff's negligence

---

[15]Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 7 ¶¶ 21-22.

[16]Motion to Dismiss, Docket Entry No. 13, p. 10.

claims, including a negligence per se theory, were barred by the economic loss rule).  This court has previously held that the economic loss rule bars negligence claims arising out of the contractual relationship between a mortgagee and mortgagor.  <u>E.g.</u>, <u>Daryani v. Wells Fargo Bank, N.A.</u>, 2012 WL 3527924, at *4 (S.D. Tex. Aug. 13, 2012).  Plaintiff's Original Complaint alleges no injury resulting from Defendant's violation of the statute other than the possible future foreclosure of the Property - an economic loss that is within the subject matter of a contract between the parties, the Deed of Trust.  The court concludes that Plaintiff has failed to state a claim for negligence per se that is not barred by the economic loss rule.

## C.    Texas Debt Collection Act

Plaintiff alleges that Defendant violated the TDCA by engaging in unlawful practices in connection to the mortgage.[17]  Defendant argues that Plaintiff has failed to plead any specific conduct by Defendant that is a wrongful act under the law.[18]  The TDCA provides a cause of action against creditors and debt collectors who engage in prohibited conduct to collect debts.  Tex. Civ. Prac. & Rem. Code § 392.403.  Prohibited conduct includes threatening to take action prohibited by law, harassing and abusing the debtor,

---

[17]Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 8 ¶ 25.

[18]Motion to Dismiss, Docket Entry No. 13, pp. 13-15.

resorting to unfair or unconscionable means in collecting the debt, and misrepresenting the character, extent, or amount of debt.   Tex. Fin. Code §§ 392.301–.304.   But the Debt Collection Act authorizes creditors to threaten to exercise statutory or contractual rights, and foreclosure is not an act prohibited by law.   Tex. Fin. Code § 392.301; <u>Rucker v. Bank of America, N.A.,</u> 806 F.3d 828, 831 (5th Cir. 2015).

The Original Petition alleges that Defendant threatened to take action prohibited by law, harassed and abused Plaintiff, resorted to unfair and unconscionable means, and mischaracterized the debt.   But these allegations only recite types of conduct prohibited by the statute.   <u>See</u> Tex. Fin. Code §§ 392.301(a)(8), 392.302, 392.303, 392.304(a)(8).   They do not satisfy the pleading requirements under Rule 12(b)(6) because they are legal conclusions rather than factual allegations.   <u>See Fernandez-Montes,</u> 987 F.2d at 284.   To state a claim under the TDCA the Plaintiff is required to plead factual allegations that, if true, would show Defendant engaged in conduct prohibited by the statute.   The only specific conduct alleged to have violated the statute is that "[D]efendant miscalculated on payments received and failed to give Plaintiff credit for insurance proceeds that were paid to the [D]efendant from Hurricane Harvey Damages.   Additionally . . . Plaintiff asserts that he was overcharged in his tax, insurance, and interest payments."[19]

_____

[19]Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, pp. 8-9 ¶ 26.

Plaintiff's first basis for his TDCA claim is that Defendant threatened action prohibited by law in violation of § 392.301(a)(8). The allegations do not describe any conduct by Defendant that was a threat to take an action prohibited by law. A warning that Defendant may exercise its right to foreclose on the Property as authorized by the Deed of Trust and law does not qualify as an illegal threat.

Plaintiff's second basis for his TDCA claim is that Defendant harassed and abused him in violation of § 392.303. But the statute specifies what constitutes prohibited harassment: (1) use of profane language, (2) placing telephone calls without disclosing the name of the person calling, (3) causing the debtor to incur charges for communication such as long distance telephone tolls, or (4) repeatedly or continuously calling the debtor or causing his telephone to ring. Tex. Fin. Code § 392.302. Plaintiff's allegations include no such conduct.

Plaintiff's third basis for his TDCA claim is that Defendant used unfair or unconscionable means in violation of § 392.303. The statute specifies what constitutes unfair and unconscionable means: (1) fraudulently seeking or obtaining a written statement that the debt was incurred for the necessaries of life, (2) collecting or attempting to collect incidental interest, charges, fees, or expenses not authorized by the agreement that created the debt, or (3) collecting or attempting to collect payment via an unauthorized

-10-

check, draft, debit, or credit card despite notice that it was unauthorized. Tex. Fin. Code § 392.303. Plaintiff's allegations include no such conduct. Plaintiff alleges only that Defendant miscalculated the amount due and overcharged him, but a "general assertion of 'wrongful charges' is insufficient to state a claim" of unauthorized charges and fees under § 392.303(a)(2). Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 240 (5th Cir. 2014).

Plaintiff's final basis for his TDCA claim is that Defendant misrepresented the character, extent, or amount of the debt. See Tex. Fin. Code § 392.304(a)(8). To state a claim for violation of § 392.304(a)(8), Plaintiff must show that the debt collector "made a misrepresentation that led [him] to be unaware (1) that [he] had a mortgage debt, (2) of the specific amount [he] owed, or (3) that [he] had defaulted." Rucker, 806 F.3d at 832. The misrepresentation must be "'an affirmative statement'" that is "'false or misleading.'" Carey v. Fargo, Civil Action H-15-1666, 2016 WL 4246997, at *4 (S.D. Tex. Aug 11, 2016) (quoting Robinson v. Wells Fargo Bank, N.A., 576 F. App'x 358, 363 (5th Cir. 204)). Plaintiff's vague claim that Defendant "miscalculated" the amount owed and failed to give him credit for the insurance payment and that Plaintiff "was overcharged" does not allege an affirmative statement that is false or misleading. The court concludes that Plaintiff has not alleged sufficient facts to show that Defendant engaged in any conduct that violated the TDCA and accordingly has not stated a TDCA claim for which relief may be granted.

-11-

**D.    Unreasonable Collection Efforts**

Plaintiff alleges a claim for the common-law tort of unreasonable collection efforts.[20]  A claim for unreasonable collection efforts must show the defendant engaged in a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.  DeFranceschi v. Wells Fargo Bank, N.A., 837 F. Supp. 2d 616, 624 (N.D. Tex. 2011); EMC Mortgage Corp. v. Jones, 252 S.W.3d 857, 868-870 (Tex. App.—Dallas 2008, no pet.).  "[T]his cause of action must be based on actual collection efforts . . . that overstep[] the bounds of routine collection methods."  Everhart v. CitiMortgage, Inc., Civil Action No. H-12-1338, 2013 WL 264436, at *6 (S.D. Tex. Jan. 22, 2013). Plaintiff alleges that Defendant refused to work with him to reform their agreement or create a payment plan, added additional fees for his continued failure to pay, refused to provide plaintiff with a history of payments, and moved to foreclose on the Property after sending letters stating a readiness to discuss workout options.[21] These facts, taken as true, do not suffice to establish a willful, wanton, and malicious course of harassment intended to inflict harm on the Plaintiff.  See, e.g., Pantoja v. JPMorgan Chase Bank, N.A., Civil Action No. H-19-5442, 2019 WL 5424649, at *4 (S.D. Tex. Oct. 23, 2019) (holding that the defendant's refusal to modify a

---

[20]Id. at 10 ¶¶ 30-32.

[21]Id. ¶¶ 31-32.

mortgage, imposition of fees, and a decision to exercise its right
to foreclose did not support a claim for unreasonable collection
efforts); Everhart, 2013 WL 264436, at *6 (holding that the
defendant's failure to respond to a request for accounting and
promise of a loan modification did not support a claim for
unreasonable collection efforts).   Plaintiff's claim therefore
fails as a matter of law.

**E.   Deceptive Trade Practices Act**

Plaintiff claims that Defendant violated the DTPA by failing
to respond to Plaintiff's calls, changing the person in charge of
the loan, failing to send notices, and representing the contract to
contain rights, remedies, or obligations that it does not contain
or that are prohibited by law.[22]  Defendant argues that Plaintiff's
DTPA claim fails because a recipient of loan money or credit is not
a "consumer" under the statute.[23]

Only a "consumer" may maintain an action under the DTPA.  See
Tex. Bus. & Com. Code § 17.50 ("A consumer may maintain an action
. . . .");  Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 538
(Tex. 1981).   The statute defines "consumer," and part of the
definition is that the consumer "seeks or acquires by purchase or
lease, any goods or services."   Tex. Bus. & Com. Code § 17.45(4).

---

[22]Id. at 12 ¶ 36.

[23]Motion to Dismiss, Docket Entry No. 13, p. 17.

"Goods" are "tangible chattels or real property" and "services" are "work, labor, or service." Id. §§ 17.45(1), (2). The goods or services must form the basis of the consumer's DTPA complaint. Cameron, 618 S.W.2d at 539. Texas courts and the Fifth Circuit have held that a money loan is neither goods nor services under the DTPA. E.g., James v. Wells Fargo Bank, N.A., 533 F. App'x 444, 447 (5th Cir. 2013); Riverside National Bank v. Lewis, 603 S.W.2d 169, 174-75 (Tex. 1980). Even if money was borrowed to purchase chattels or real property, the borrower whose complaint arises from the loan does not qualify as a DTPA consumer. Central Texas Hardware, Inc. v. First City, Texas-Bryan, N.A., 810 S.W.2d 234, 236-37 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (citing Cameron, 618 S.W.2d at 539). A mortgagor who alleges a DTPA claim based on the servicing of the loan or foreclosure activities does not qualify as a DTPA consumer. Rojas v. Wells Fargo Bank, N.A., 571 F. App'x 274, 279 (5th Cir. 2014).

Here, Plaintiff's DTPA complaint arises entirely out of a money loan and is based on Defendant's conduct in servicing the loan and foreclosure activities.[24] Because the loan is not a good or service, Plaintiff is not a consumer under the DTPA and his claim fails as a matter of law.

---

[24] See Original Petition, Exhibit E to Notice of Removal, Docket Entry No. 1-5, p. 4 ¶ 8; p. 11 ¶¶ 33-34.

**F.   Unjust Enrichment**

Plaintiff alleges that the sale of the Property would unjustly enrich Defendant.[25]   It is unclear from the Original Petition whether unjust enrichment is intended as a cause of action.[26]   But in any event, unjust enrichment is not an independent cause of action under Texas law.   Hancock v. Chicago Title Insurance Co., 635 F. Supp. 2d 539, 560 (N.D. Tex. 2009); Argyle Independent School District v. Wolf, 234 S.W.3d 229, 246-47 (Tex. App.-Fort Worth 2007, no pet.).   "The doctrine applies the principles of restitution to disputes where there is no actual contract, based on the equitable principle that one who receives benefits that would be unjust for him to retain ought to make restitution."   Wolf, 234 S.W.3d at 247.   Because Plaintiff has alleged no claim for restitution and the parties' dispute is governed by the Deed of Trust, any claim of unjust enrichment fails as a matter of law.

**IV.   Conclusions and Order**

For the reasons discussed above, Plaintiff has failed to state in his Original Complaint any claims upon which relief can be granted.   Defendant's Motion to Dismiss and Brief in Support

---

[25]Id. at 13 ¶¶ 38-39.

[26]See id. (describing the alleged unjust enrichment in a section titled "Unjust Enrichment" below the other causes of action).

(Docket Entry No. 13) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 13th day of August, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE